IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-3014-WJM

BROOKS JAMES TERRELL,

    Applicant,

v.

ANDRE MATEVOUSIAN,

    Respondent.

---

**ORDER DENYING APPLICATION FOR A WRIT OF HABEAS CORPUS**

---

This matter comes before the Court on the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6), filed *pro se* by Brooks James Terrell on December 11, 2018. On April 11, 2019, the Court issued an Order to Show Cause (ECF No. 17) to Respondent as to why the Amended Application should not be granted. Respondent filed a Response on May 2, 2019 (ECF No. 18). Applicant filed a "Response to Document (19) the Respondent's Reply" (ECF No. 19) on May 14, 2019, which the Court construes as a reply in support of the Amended Application. Having considered the parties' filings, the Court denies the Amended Application and dismisses this action for the reasons discussed below.

**I.    Factual and Procedural Background**

Applicant is in the custody of the federal Bureau of Prisons at the U.S. Penitentiary in Florence, Colorado. On November 23, 2018, he commenced this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

1

(ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3).  The Court granted him leave to proceed under 28 U.S.C. § 1915 (ECF No. 4).  At the Court's direction (ECF No. 5), on December 11, 2018, Applicant filed the Amended Application (ECF No. 6), which is the operative pleading.

In the Amended Application (ECF No. 6), Applicant sets forth one claim for relief. He alleges a violation of due process with regard to an incident report and disciplinary hearing.  More specifically, he argues he was not afforded the right to appear for a hearing prior to the re-writing of an incident report.  He requests a determination that he had such right and expungement of the incident report.

In the Response, Respondent asserts, "Applicant's procedural due process rights were not violated, as he received adequate notice of the charges against him, and in any event he received notice of the incident report well before his hearing. There is evidence supporting the finding that he committed an act prohibited by the Inmate Disciplinary Code."  (ECF No. 18 at 2).  Respondent provided a copy of the Discipline Hearing Officer Report, which explains that Applicant was sanctioned 27 days "disallowance good conduct time" and 90 days "loss of phone" because he "committed the prohibited acts of Use of the Phone for Abuses Other than Criminal Activity."  (ECF No. 18-14 at 4).

In the Reply, Applicant contends Respondent "concedes" that there was no hearing before the re-writing of the incident report.  (ECF No. 19 at 2).  He cites 28 CFR § 541.8 in support of his argument that a hearing must have been held prior to the re-writing of the incident report.  (*Id.*).

2

## II. Legal Standard

Applicant proceeds *pro se*. Therefore, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

The writ of habeas corpus is available if a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Prison disciplinary proceedings that result in the deprivation of good-time credits may be challenged in a § 2241 proceeding. *McIntosh*, 115 F.3d at 811-12.

"It is well settled 'that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811

3

(10th Cir. 2007) (applying law to federal prisoner) (quoting *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks and citation omitted)). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Where a prison disciplinary hearing may result in the loss of good time credits, the inmate must receive:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). In addition, to comport with due process, there must be some evidence to support a disciplinary conviction. *Hill*, 472 U.S. at 454. Further, the decision-maker must be impartial. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) (citation omitted).

### III. Analysis

#### *a. No Due Process Violation*

In summary, Applicant states he did not receive a hearing prior to the re-writing of an incident report, which he alleges violates due process. (ECF No. 6 at 2). Accepting this allegation as true, it does not state a violation of the due process clause. The record shows that Applicant received what due process requires, described further as follows. *See Hill*, 472 U.S. at 454.

Applicant received "advance written notice of the disciplinary charges": on June 4, 2018, Applicant received a copy of the rewritten incident report, prior to the hearing

4

held on July 18, 2018. (ECF No. 18-1 at 5, para. 15, 17; ECF No. 18-4 at 1, 6). He was provided an opportunity to identify potential witnesses which, ultimately, were not called due to lack of relevance, and he presented documentary evidence in the form of a written statement and transcript. (ECF No. 18-4 at 2); *see also Diaz v. McGuire*, 154 F. App'x 81, 84 (10th Cir. 2005) (unpublished) ("the disciplinary boards documented their reasons, on a case-by-case basis, for not hearing all of [petitioner's] requested witnesses, and the reasons given (redundancy, relevancy, and duplication) were within the permissible discretion of prison officials"). He requested and received a staff representative to offer a statement in his favor. (ECF No. 18-4 at 1).

Applicant was provided "a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action" in the form of a Discipline Hearing Officer Report. (*Id.* at 1-4). There are no allegations that the Discipline Hearing Officer ("DHO") somehow was impartial. (*See* ECF Nos. 6, 19). The Court is unaware of and Applicant does not cite any legal authority indicating due process requires a hearing prior to the re-writing of an incident report. *See Woods v. Fox*, No. 17-cv-03164-MSK-KMT, 2018 WL 5082004, at *5 (D. Colo. Oct. 18, 2018) ("Because Mr. Woods received both reports more than 24 hours in advance of his DHO hearing, including the revised incident report which stated the charges at issue in the hearing, the complained-of delay and modification did not violate his constitutional rights."). Because Applicant received notice of the charges against him in a rewritten incident report prior to the hearing, and was afforded due process protections in preparation for and during the hearing, the Court discerns no violation of the due process clause.

### b. No Violation of Regulations

Applicant contends he had a right to appear for a hearing prior to the re-writing of the incident report based on 28 C.F.R. § 541.8. (ECF No. 6 at 4). However, "[w]here a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measured by the due process clause, not prison regulations." *Diaz*, 154 F. App'x at 84-85. "[A] failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson,* 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) (citing *Davis v. Scherer,* 468 U.S. 183, 194 (1984)).

Regulation 28 C.F.R. § 541.8 provides in relevant part, "[t]he DHO will make one of the following decisions after a hearing on the incident report . . . The incident report will be referred back for further investigation, review, and disposition." 28 C.F.R. § 541.8(a). As cited by the Discipline Hearing Officer and as set forth in the implementing instructions for this regulation, "The DHO may refer the case back to the UDC for further information or disposition when the case does not warrant DHO involvement. When further investigation or more evidence is needed, the DHO may postpone or, before deciding whether a prohibited act was committed, continue the hearing until a later date." (ECF No. 18-1 at 4, para. 13; ECF No. 18-3 at 30).

Applicant does not identify a regulation stating that an incident report may be re-written only after a hearing. Section 541.8(a) identifies the option of referring back an incident report as one of three "available dispositions" after a hearing. It does not mandate that a hearing is required prior to additional investigation. Thus, Applicant's citation to § 541.8 does not change the Court's conclusion that his due process rights were not violated. *See Davis v. Davis*, No. 11-cv-00769-MSK, 2011 WL 5075617, at *4

(D. Colo. Oct. 25, 2011) ("Nor does the DHO's determination that a reinvestigation, a rewrite of the incident report, and a new UDC hearing was required violate any part of § 541. Section 541.17(e) authorizes the DHO to refer the case back to the UDC for further information or disposition, which is what the DHO did in Petitioner's situation.").

### *c. Disciplinary Decision was Supported by Evidence*

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Hill*, 472 U.S. at 455. "Importantly, determining whether some evidence supports the DHO's decision 'does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any evidence* in the record that could support the [DHO's] conclusion.'" *Pittman v. Fox*, 766 F. App'x 705, 726 (10th Cir. 2019) (unpublished) (citation omitted). A disciplinary board's decision can be upheld by a reviewing court "even if the evidence supporting the decision is 'meager'." *Mitchell*, 80 F.3d at 1445 (10th Cir. 1996) (quoting *Hill*, 472 U.S. at 457).

The evidence relied on by the DHO included an incident report, supporting memorandum, phone call log, recorded phone call, Applicant's disciplinary history, a handwritten statement and transcript presented by Applicant, and a statement by Applicant's staff representative. (*See* ECF No. 18-4). Upon review of the Discipline Hearing Officer Report and attachments, the Court finds that there was some evidence in the record to support the DHO's determination that Applicant was guilty of the charged disciplinary offense. *See Ruelas v. Zuercher*, 240 F. App'x 796, 797 (10th Cir. 2007) (unpublished) (explaining that the incident "report alone constitutes 'some

7

evidence' of Petitioner's guilt"); *Farrakhan-Muhammad v. Oliver*, 677 F. App'x 478 (10th Cir. 2017) (unpublished) (staff report of incident, together with video footage, constituted some evidence to support the disciplinary conviction). Therefore, Applicant's disciplinary conviction comported with the requirements of due process.

## IV. Conclusion

For the reasons set forth herein, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) is DENIED and this case is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated this 2nd day of July, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge